DECEMBER 9,<br>
1874. }                          PEARSON *v.* TOWER.

A bill in chancery contained the allegation that certain acts of the defend-
ants were in violation of law, and of the charter and by-laws of the
corporation. It was *held*, on demurrer, that these allegations were not
well pleaded, and therefore not admitted by the demurrer.

The demurrer being *ore tenus*, the plaintiff had leave to amend without
terms.

The facts are sufficiently stated in the opinion of the chief justice.

CUSHING, C. J.   The bill complains against the defendants and
directors of the Concord Railroad, and alleges that they, in violation
of law and of the charter and by-laws of the corporation, have
loaned or deposited with certain corporations or individuals large sums
of money which ought to have been paid to the treasurer, and, as the
complainant believes, without any adequate security for the safe keep-
ing of these deposits or loans, and prays that they may be restrained
by injunction.   To this bill there is a general demurrer, and the ques-
tions before the court are those which arise on this demurrer.   The
demurrer must be taken to admit all the allegations which are well
pleaded.

A very material allegation is, that these deposits or loans have been
made in violation of law, and of the charter and by-laws of the corpo-
ration.

In Gould's Pleading, ch. 3, sec. 16, the doctrine on the subject of
private statutes and by-laws is laid down as follows :

" In pleading *particular customs* or *private statutes*, not only must the
facts which bring the case within the custom or statute be alleged, but
the custom or statute *itself*—or at least so much of it as is material to
the case—must be *recited* by the party complaining or defending under
it.   But the recital, in these cases, is not to be deemed matter of *law ;*
for such customs and statutes, although they may respectively furnish
the *rule of decision* in cases falling within them, are no part of the
general law of the land, but, like private records, prescriptions, deeds,
etc., are regarded and treated in pleading as matters of *fact*, of which
the courts of justice cannot judicially take notice.   Hence it is, that
the existence of any such custom or statute may be *denied* by plea,
and that, when so denied, it must be proved as a *fact*, and can be tried
only on an issue in fact ; whereas matter of *law*, properly so called,
can never be denied in pleading."

In *Merrill* v. *Plainfield*, 45 N. H. 126, it is held that matter of pub-
lic law cannot properly be alleged in pleading.   Of that the court ju-
dicially takes notice, as arising on the facts.   In this case, the very
object of the demurrer is to determine what the law is on the facts al-
leged.   So, the allegation that these proceedings are contrary to law
is not well pleaded, and is not admitted by the demurrer.

The allegation of violation of the charter and by-laws of the corporation is equally imperfect, according to the citation from Gould. The charter and by-laws, or, at least, that part of them relied on, should have been especially recited. They are facts of which the court cannot judicially take notice, and of which it knows nothing, excepting in as far as they are brought to its notice by the pleadings and the proofs. It is impossible for the court to determine what the result of the general law, taken in connection with the charter and by-laws and applied to the facts alleged, will be.

The allegation, then, that the facts charged are in violation of the law, and of the charter and by-laws of the corporation, being insufficiently pleaded, is not admitted by the demurrer, and the question cannot now be determined by the court. The bill, of course, may be amended so as to show what part of the charter and by-laws, taken in connection with the general law, has been violated by the proceedings complained of.

The demurrer is *ore tenus*. If the objection had been assigned as cause of demurrer, it is probable that the bill would have been at once amended, and an answer filed, so that the matter would have been ready for the investigation of the facts, if denied, or the determination of the law by a hearing on the bill and answer.

For this reason, the amendment, if desired, ought to be allowed without terms.

LADD, J.   The allegation in the bill, that the acts complained of were in violation of law, is not admitted by the demurrer. Matter of law is not, in equity any more than at law, a proper subject of substantive averment, or of traverse or avoidance, and, consequently, not a subject of admission in the pleadings. It is the province of the court to apply the law to the facts alleged, and I have not been able to find anything in the general laws of this state whereby the deposit of corporate funds by the directors of a railroad corporation, in the way complained of here, is prohibited. Of course, it is to be understood that we are not considering, upon this demurrer, under what circumstances it might be the duty of the court to protect the rights and interests of stockholders in a corporation by enjoining its directors against any specified use or disposition of the corporate funds. It is sufficient, in the present position of the case, that there does not appear to be any general law making the acts complained of absolutely illegal.

But the bill further alleges, that the acts of the defendants were in violation of the charter and by-laws of the corporation. Those portions of the charter and by-laws, which it is claimed have been violated, are not set out in the bill, and so are not before the court; and it is obviously impossible for the court to say whether the deposit of money belonging to the corporation, in the way charged, was a violation of the charter and by-laws or not. For this reason, it is plain a decree cannot be entered for the plaintiff on the bill as it now stands,

and the demurrer must be sustained, unless the plaintiff amends his bill by setting out so much of the charter and by-laws of the corporation as will show the court whether the injunction he asks should be granted.

I agree that the amendment should be allowed, without terms, for the reason given by the chief justice.

SMITH, J.   The bill alleges that the directors of the Concord Railroad Corporation have deposited, or loaned to certain individuals and corporations, large sums of money, in violation of law and the charter and by-laws of the corporation, and asks that they may be enjoined from such acts.

It is never necessary to state the general law of the land in any pleading.   The courts are bound to apply the law as they know it to be, to the facts stated in the pleadings, without regard to any erroneous statement of the law made in those pleadings.   *Murch* v. *Concord Railroad*, 29 N. H. 32.

The bill does not recite that portion of the charter and by-laws of the corporation, which it is alleged have been violated.   This is as necessary as it is to recite the facts which bring the case within the operation of a private statute.   Such private statutes must be proved as *facts*, and courts do not take judicial notice of them.

Arguments, or inferences, or matters of law, ought not to be stated in the pleadings, and, if stated, they will not be taken as admitted, though not denied, if the facts on which the conclusions are founded, and from which they are drawn, are properly denied or avoided by the allegation of new facts.   1 Daniell's Ch. Pl. & Pr. 601, 602.   *Merrill* v. *Plainfield*, 45 N. H. 133.

As a demurrer admits only such allegations as are well pleaded, it follows that the facts in this case, charged to be in violation of the law, and of the charter and by-laws of the corporation, being insufficiently pleaded, are not admitted by the demurrer.

The bill, under the practice and statutes of this state, can be amended, and I think it should be without terms, for the reasons given by the chief justice.

*Demurrer allowed, unless the plaintiff amends.*