BENJAMIN E. HALL v. HENRY R. HALL & ELIZA P. HALL, ADMINISTRATRIX.

A bill in equity to redeem is a general remedy for a party who claims the right to redeem a mortgage, and is not superseded by the statute, which in certain cases gives a remedy by petition.

The owner of an equity, who is out of possession, may maintain a bill in equity to redeem against the mortgagee and the tenant in possession, notwithstanding the pendency of a writ of entry by the mortgagee against the tenant in possession.

But, in such case, the suit at law will not be enjoined upon an allegation in the bill that the mortgagee claims a larger sum, and proposes to take conditional judgment for a larger sum than is legally and equitably due on the mortgage.

BILL IN EQUITY, which contained the following statements: On the 18th of February, 1858, Henry R. Hall mortgaged to Charles E.

Hall, land in Exeter, to secure a promissory note of that date for $1000,
payable to Charles E. Hall on demand, with interest annually.    On the
5th of July, 1851, Henry R. Hall paid Charles E. Hall $100, and on
the 7th of September, 1852, another sum of $100 for interest on that
note and another of the same date.

At and after the execution of the mortgage, Kinsley Hall, father of
Charles E. Hall, Henry R. Hall, and Benjamin E. Hall, the plaintiff,
together with his wife, their mother, occupied the mortgaged premises as
a homestead without title and at sufferance.    On the 21st of March,
1856, the equity of redemption in the land was sold to S. M. Beckley,
for $2300, on an execution recovered by him against Henry R. Hall.

After the issuing of that execution, and both before and after the
sale, negotiations were had between Charles E. Hall and Benjamin E.
Hall, the plaintiff, to effect an arrangement by which the mortgaged
premises should be prevented from passing into the hands of a stranger,
and their parents, who were in narrow circumstances, be thereby turned
out of doors ; and it was thereupon agreed between the plaintiff and
Charles E. Hall that the plaintiff should purchase the equity of redemp-
tion and allow their parents to occupy while they lived, without any pay-
ment of rent, and that Charles E. Hall should forbear to enforce his mort-
gage, and claim no interest on his debt, while his father and mother or
either of them lived.

In pursuance of this agreement, the plaintiff, on the 3d of Septem-
ber, 1857, purchased the equity of redemption for $2330.00, and al-
lowed their parents to occupy without rent till the death of their moth-
er, about two years before the filing of the bill, and then allowed their
father, Kinsley Hall, to occupy till his death, shortly before the com-
mencement of this suit.

Charles E. Hall never called on the plaintiff, nor on Henry R. Hall,
for any interest on the note secured by the mortgage, nor endeavored in
any way to enforce his mortgage since the plaintiff's purchase of the
equity, and no interest has been paid.    Charles E. Hall often expressed
his gratitude to the plaintiff for having aided to procure their parents a
home, and his happiness in giving the interest on his note for that ob-
ject.

Charles E. Hall died on the 9th of October, 1862, and the defend-
ant, Eliza P. Hall, his widow, and the administratrix on his estate, has
brought a writ of entry against Henry R. Hall to recover the mortgaged
premises, which suit at law is pending in the Supreme Judicial Court,
and in that suit the defendant, Eliza P. Hall, seeks to recover and hold
for the amount of the note secured by the mortgage, and interest from
date, in violation of the said agreement between the plaintiff and Charles
E. Hall, and without allowing the payments made as aforesaid on the
note.

The plaintiff is ready and desirous to pay the balance due on said
note, which is $1306.00 and the costs of the suit at law which are less
than $20.00 ; and, on the 25th of January, 1865, before the filing of
the bill, tendered the administratrix $1330.00, which she declined to ac-

cept, and has lodged the same in the hands of his solicitor for her, when she will take it.

The defendant, Eliza P. Hall, has in her possession papers and documents, which contain and are evidence of the agreement set up in the bill, and has herself full knowledge of the same by communication from her deceased husband or otherwise.

Prays for a discovery, for an account, for leave to redeem, for a discharge of the mortgage, and an injunction against the suit at law.

There was a demurrer to the bill.

*Small*, for the plaintiff.

*Christie & Kingman*, for the defendants.

PERLEY, C. J. The bill is brought by the party who claims to own the equity of redemption against the administratrix of the mortgagee and the tenant in possession. It states a tender, of the sum alleged to be due, prays for a liquidation of the amount due, for a decree that the administratrix release the mortgage, for a discovery, and for an injunction against the suit at law. The demurrer raises the general question whether the bill can be maintained.

The statute provides that the party, who has the right to redeem a mortgage, may pay or tender the amount due and may thereupon apply by petition for a decree of discharge and other relief. Com. St. 296, sec. 5. And by another provision of the statute he may demand an account, and if no account, or a false account, is rendered, he may apply by petition to have the amount due ascertained. In both these cases a bill in equity may be substituted for the petition given by statute. *Wendell* v. *The Bank*, 9 N. H. 404, 416, 417.

In these cases, specially provided for by the statute, if the sum due was legally tendered, or a true account was not rendered on demand, there can be no foreclosure pending regular proceedings under the statute. In the present case, if the sum due was legally tendered, as is stated in the bill, the bill being properly substituted for a petition, there can be no foreclosure of the mortgage while this suit is pending. *Wendell* v. *The Bank*, *qua supra*.

Even if there were no tender, and no demand of an account, we think that the bill to redeem might be maintained, and that these special provisions of our statute do not supersede the general remedy in equity by bill to redeem, the difference being that the foreclosure is suspended when the course pointed out by the statute is pursued and the plaintiff is found to have been in the right. We do not here speak of the prayer for a discovery as we think the bill might be maintained independently of that. We are, therefore, of opinion that the demurrer must be disallowed.

The injunction prayed for against the suit at law must be refused.

The debt secured by the mortgage, as appears by the statements of the bill, has not been paid. The bill alleges the tender of a certain sum, and sets up a verbal contract to show that the interest, which ap-

pears to be due by the written contract of the mortgagor, should not be paid, and asks that the mortgagee shall be enjoined not to prosecute his suit at law for possession of the mortgaged premises until the matter in dispute shall be settled by the litigation in this bill. The bill is brought, not by the party who owes the debt and is bound to pay it, but by a purchaser of the equity, out of possession, and not accountable for the rents, who may abandon his claim at any time, even after a decree in this suit, and leave the mortgagee to his security on the land. The tender, admitting it to have been made, is no security for the sum tendered; for the money tendered is subject to the plaintiff's control, and may be at any time withdrawn from the hands of his solicitor and otherwise appropriated.

Then, again, the land being in possession, not of this plaintiff, but in that of another party, an injunction against the mortgagee's suit for possession would be of no advantage to this plaintiff, so far as the income of the land is concerned. In that respect it certainly would be as well for the plaintiff that the mortgagee should take possession, and who would be bound to apply the income on the mortgage debt. Nor, if the plaintiff's statements are correct, will possession by the mortgagee operate to the prejudice of the plaintiff as respects a foreclosure, for if his statements are true, the foreclosure will be suspended during the pendency of this bill.

There is no necessity for an injunction against the suit at law in order to protect all the plaintiff's rights; for even if possession by the mortgagee would be prejudical to him, and the plaintiff had a case, which showed that the mortgagee was not entitled to possession, by the well established practice in this State, the plaintiff on showing his interest would be admitted to defend in the name of the tenant. *Child* v. *The Powder Works*, 45 N. H. 547. And if the question were as to the amount of the conditional judgment, he might, under the rule, make himself party to the inquiry, and the court, in that case, would have, under our statute, all the powers, equitable and legal, to allow the matters set up in this suit that they would have by bill in equity.

But the plaintiff can have no interest in the amount of the conditional judgment, unless he voluntarily makes himself party to the inquiry, in which the amount is fixed; for it is contrary to elementary principles that one should be bound or affected by any judgment or decree in a suit to which he is not a party; and there is nothing in our statute, which, by any fair construction, can be understood to intend that the conditional judgment in a writ of entry on a mortgage shall bind any but the parties to the suit.

When the tenant voluntarily yields possession to the mortgagee there is no need of a suit, for possession, voluntarily yielded and notified according to the statute, has the same effect as possession taken after suit and under process. The object of the suit is to put the mortgagee in possession under his mortgage, that by virtue of a year's possession he may foreclose, but the nature and effect of his possession are the same in both cases. *Kittredge* v. *Bellows*, 4 N. H. 428; *Gilman* v. *Hidden*, 5 N. H. 30; *Downer* v. *Clement*, 11 N. H. 40; *Couch* v.

*Stevens*, 37 N. H. 169. When the mortgagee is put in by process he does not continue to hold possession under the process, which is returned into court, but under his mortgage, as he does where the possession is taken by consent without process. In the suit, which he brings to obtain possession, there is no decree or judgment establishing a foreclosure. The same evidence of a continued possession for a year is required in case of an entry under process, as in the case where possession is yielded without a suit.

The statute gives the tenant two months after judgment to pay the debt before he can be turned out of possession. In order to give him the benefit of this indulgence, it is necessary that the amount to be paid should be settled when the judgment is rendered. The statute, therefore, provides for this liquidation. The tenant in possession is, of course, party to the suit; he is instructed to see that the judgment is rendered for the just amount due; and he is bound by it, at least so far as this, that the amount of the conditional judgment must be paid, otherwise execution will issue at the expiration of the two months. The liquidation of the amount due is made in reference to the execution of the judgment, by which the tenant is turned out of possession; he is the party defendant to the suit. The court adjudge the amount due, that is to say, they render a judgment for that sum, which is a judgment between the parties to that suit, and cannot operate as a judgment against any other party. Anybody interested may indeed pay the liquidated amount and prevent the execution of the judgment; but there is nothing in the language or in the object of the statute, from which we can infer that the intention was to violate the rule, founded on obvious reasons of natural justice, that none but the parties to a judgment can be bound or affected by it.

There are other ample remedies for all the plaintiff's rights without the interference of equity to intercept the legal process for obtaining possession of the mortgaged premises; and the consequences would be mischievous, if a third person out of possession, having or claiming to have an interest in the equity of redemption, without proceeding under the statute, could, by bringing a bill in equity, and alleging the need of a discovery, embarrass and obstruct the remedy given by the statute to a mortgagee who is held out of possession; a remedy, which has been hitherto found cheap and convenient, and, so far as we have any information, safe for all parties.

Demurrer overruled; injunction refused.