SHAFFER VS. WHELPLEY and others.

ACTION TO QUIET TITLE.    (1) *Complaint in, must show plaintiff in possession.*    (2) *Averment that plaintiff's grantor was in possession, not sufficient.*

1. In an action under sec. 29, ch. 141, R. S., to cancel conveyances alleged to constitute a cloud upon plaintiff's title, the complaint must allege that plaintiff is *in possession*.
2. An averment in this case that plaintiff's grantor, when he executed the conveyance under which plaintiff claims, was seized and in possession of the premises, does not create a presumption that plaintiff is clothed with his possession, nor supersede an averment of plaintiff's *present* possession.

APPEAL from the Circuit Court for *La Crosse* County.
Appeal from an order sustaining demurrer to the complaint.

The complaint alleges that the plaintiff is the owner in fee of the premises in suit, but contains no allegation that she is in possession. Her title is alleged to have been derived from a conveyance by quit claim deed, executed August 27, 1872, by one James Whalen, of the premises, "then in the seizin and possession of the said James Whalen," to the plaintiff. The prayer of the complaint is, that divers tax deeds and conveyances, which are alleged to constitute a cloud upon the plaintiff's title, be cancelled.

*Hugh Cameron*, for appellant.

*Lyndes & Burroughs*, for respondent, argued, *inter alia*, that as the complaint does not aver, or even intimate that the plaintiff is, or ever was, in the actual possession of the premises, she cannot maintain this action. *Jones v. Collins*, 16 Wis., 594; *Lee v. Simpson*, 29 id., 333; *Wals v. Grosvenor*, 31 id., 681.

COLE, J. This is an action to set aside and cancel certain conveyances which, it is alleged, constitute a cloud upon the title of the plaintiff. The complaint is very voluminous, containing a great deal of wholly immaterial matter. But still it is fatally defective. There is no allegation in the complaint that the plaintiff is in the possession of the real estate in question. Such an averment is absolutely essential in a complaint of this character. *Wals v. Grosvenor*, 31 Wis., 682. The statute only authorizes the action by one in the actual, visible possession of the premises. And where the complaint stated that the plaintiff was the owner in fee simple, and in possession, this court held, in the above cause, that it would presume the possession to be of that character which the statute makes essential to the maintenance of the action. Here it is alleged that the plaintiff is the owner in fee simple of the premises. It is also alleged that her grantor, James Whalen, when he executed the conveyance, dated August 27, 1872, under which she claims, was seized and in the possession of them. And it is argued that we must presume that the plaintiff was

clothed with his possession. We cannot so presume. The plaintiff may be the owner and have the right to the possession of the premises, but still not be in the possession of them. So material a fact as possession should not be left to inference merely, but should be clearly stated.

It follows from these views that the order of the circuit court sustaining the demurrer to the complaint, must be affirmed.

*By the Court.* — Order affirmed.