BROOKS & *a.* *v.* HOWLAND & *a.*

Equity may enjoin the execution, by a collector, of his deed of land sold for taxes, where the proceedings, apparently legal and valid, but in fact based upon an illegal assessment, create a cloud upon the title.

IN EQUITY. The plaintiffs allege that the defendant Howland, as tax collector, sold their land for taxes to the defendant Oakes, and caused an account of the sale to be recorded ; that the sale was illegal and void, "for reasons apparent upon the facts and records" stated

and referred to in the bill.    The plaintiffs, claiming that the sale and record thereof constitute a cloud upon their title, pray for a decree that the sale is void; that the defendant Howland be required to make a legal application of money paid by the plaintiffs to him for taxes, as stated in the bill, in such way as to discharge their lands thus sold from any tax lien; that he be restrained from giving Oakes a deed of the property, and that Oakes be restrained from receiving the same, and for general relief.

The defendants demurred, alleging that the plaintiffs have not, by their bill, stated any grounds for equitable relief; that they have a plain and adequate remedy at law; and that the bill is multifarious.

*Ladd* and *Batchellor*, for the plaintiffs.

*Bingham & Mitchell* and *Carpenter*, for the defendants.

FOSTER, J.    The plaintiffs' suggestions in their prayer, as to the *modus operandi* of relief, are neither more nor less than an application for one substantive thing, namely, a decree of invalidity of the sale, with appropriate injunctions for giving effect to such decree; and to this end both defendants are necessarily made parties to the bill.    It is not multifarious, and there is no misjoinder of parties. *Bell* v. *Woodward*, 42 N. H. 190.

The demurrer confesses that the plaintiffs have paid all the taxes assessed upon them, whether legally assessed or not.    Payment of a tax by the owner is an absolute defeat and termination of any statutory power to sell.    Cooley on Taxation 322, and cases cited.

But the plaintiffs seek equitable relief, because they are unable to discover any other plain and adequate remedy for the removal of the cloud which a sale, fair and regular upon its face, but illegal in fact, has cast upon their title.    They fear that, in case the purchaser should refrain for a long time from any such attempt to disturb their possession as would entitle them, by resistance thereto, to defeat his claim in proceedings at law, the death of witnesses, loss of papers, or other casualties occurring, might render the proof of their title difficult, if not impossible, and so they may ultimately be deprived of their property.    And we are of the opinion that they are entitled to the relief sought, and that the demurrer should be overruled.

A court of equity may as well enjoin the execution of a collector's deed, as decree its cancellation.    Cooley on Taxation, *ss.* 542, 543. The jurisdiction of equity is maintained to the fullest extent for the purpose of setting aside conveyances, apparently fair and legal, but tainted in fact with illegality.    The principles of equity jurisprudence are not merely remedial, but preventive of injustice.    Although equity may not interfere to cancel a deed or other instrument, the illegality or invalidity of which is so apparent upon its face that the instrument is incapable of casting a shadow upon one's right or title, it is quite otherwise where, by reason of the concealment of its defects, the deed

or other instrument may be applied to improper purposes and used for the promotion of vexatious litigation. 2 Story Eq. Jur., *ss.* 700, 700 *a.;* Snell's Principles of Equity 498, 502.

A party who holds a tax certificate to land, and resists an application to have it cancelled, as a cloud upon the rightful title, cannot well say that he does not set up a claim under it. *Dean* v. *Madison,* 9 Wis. 402.

Courts of equity will not restrain the collection of a tax illegally assessed, in a case where the party has a plain and adequate remedy at law. *Brown* v. *Concord,* 56 N. H. 375. And where the tax is assessed as a personal charge, or against personal property, the remedy at law is presumably adequate. If the tax is illegal, and the party makes payment, he is entitled to recover back the amount (Cooley on Taxation, *s.* 538; *Savings Bank* v. *Portsmouth,* 52 N. H. 17; *Brewer* v. *Springfield,* 97 Mass. 152); but where the effect of the sale of realty is to cast a cloud upon the title, equity will interfere to prevent it. Dillon Mun. Corp., *ss.* 737, 738; Cooley on Taxation, *s.* 536; *Brown* v. *Concord,* 56 N. H. 375, 384; *Hannewinkle* v. *Georgetown,* 15 Wall. 547; High on Inj., *ss.* 269, 272, 367, 368; *Key* v. *Munsell,* 19 Iowa 305. The case of *Norton* v. *City of Boston,* 119 Mass. 194, cited by the defendants, seems to have been controlled by considerations of the limited jurisdiction of equity in such matters, as declared by the court in *Loud* v. *Charlestown,* 99 Mass. 208, referring to Mass. Gen. St., *c.* 12, *s.* 42, with the additional remark,—"If the legislature had intended to give parties further remedies in equity in respect to taxation, they would have been likely to make express provisions on the subject, with proper limitations."

*Demurrer overruled.*

SAWYER and BINGHAM, JJ., did not sit.