PERLEY v. STANLEY.

Except in the case of a refusal of a tenant in common or joint tenant to be taxed beyond the shares claimed by him (Laws of 1868, c. 1, s. 13; G. L., c. 54, s. 20), real estate in the possession and actual occupation of a person living upon it should be taxed as resident.

When real estate, which should be taxed as resident, is erroneously taxed as non-resident, payment of the tax cannot be enforced by a collector's sale of the land.

WRIT OF ENTRY, on a mortgage of land and buildings in Concord. The plaintiff's mortgage and debt were duly proved. The defendant set up a tax title under a sale for non-payment of taxes assessed on the premises in 1877 as non-resident. During the year 1877, a tenant lived in the house and occupied the land. The plaintiff requested the court to instruct the jury that the property should have been taxed as resident, and that being taxed as non-resident the tax was invalid. The court denied the request, and directed the jury to return a verdict for the defendant, and the plaintiff excepted.

*Eastman*, for the plaintiff.

*Ray & Walker*, for the defendant.

CLARK, J. When the tax was assessed, the land was in the possession of an occupant, who was living upon it but was not the owner, and it should have been taxed as resident. If the occupant consented to be taxed for it, it should have been taxed under Gen. St., c. 50, s. 11, which is as follows: " Real estate and personal property shall be taxed to the person claiming the same, or to the person who is in the possession and actual occupancy thereof, if such person will consent to be° taxed for the same; but such real estate shall be taxed in the town in which it is situate." If the occupant refused to be taxed for the property, it should have been taxed as resident, under Gen. St., c. 50, s. 16 : " If any person not the owner is living on any farm or in any house on the first day of April, and refuses to be taxed for it, it shall be taxed as resident by the number of the lot, or such other description as it is commonly known by, with the name of the occupant as such; and estate so taxed shall be holden and liable to be sold in the same manner as the real estate of residents is holden and sold for taxes." In either case it should have been taxed as resident. Gen. St., c. 50, ss. 11, 16, 17, 18; G. L., c. 54, ss. 11, 19, 20, 21; *Bowles* v. *Clough*, 55 N. H. 389; *Brewster* v. *Hough*, 10 N. H. 138.

The assessment of the land as non-resident being irregular, the sale for taxes was unauthorized, and the collector's deed conveyed no title.

                                                    *Verdict set aside.*

FOSTER, J., did not sit: the others concurred.