JONES v. BLANCHARD.

A statement by a collector of taxes, in his return of the sale of land, that the sale was "pursuant to notice," is not evidence that the statutory requirements in regard to notice were complied with.

In the assessment of a tax under Rev. Stats., c. 40, s. 7, an omission to state "the number of the lot or such other description as it is commonly known by" renders a tax sale thereunder invalid.

WRIT OF ENTRY.   Facts agreed.   The defendant's title depends on the validity of deeds from the collector of taxes for the years 1858 to 1860.   There is no evidence that a notice of the sale for 1858 was given, except the collector's statement, in his return, that the sale was "pursuant to notice."   The description of the premises in the assessment for 1860 was " L. G. Merrill,—J. Moses, occupant,—75 acres."

*J. L. Spring*, for the plaintiff.

*Burrows & Jewell*, for the defendant.

STANLEY, J.   There is no evidence that the statutory requirements in regard to the notice of the tax-sale for 1858 were complied with.   Rev. Stats., c. 45, ss. 14, 15; c. 46, ss. 6, 7, 8, 9, 10. In the absence of such notice no title passed by the sale.   In the assessment of 1860, the description of the land taxed is not sufficient.   If the occupant consented to be taxed for the land, it should have been taxed to him under Rev. Stat., c. 40, s. 7.   If he refused to be taxed for it, it should have been assessed " as resident by the number of the lot or such other description as it is commonly known by, with the name of the occupant as such."   Rev. Stat., c. 40, s. 8.   But it was not assessed in either of these modes; and the collector's sale of the land conveyed no title.   *Bowles* v. *Clough*, 55 N. H. 389; *Perley* v. *Stanley*, 59 N. H. 587.

                                                *Case discharged.*

ALLEN, J., did not sit; the others concurred.