PERHAM *v.* THE HAVERHILL FIBRE CO. & a.

It will be ascertained at the trial term whether there are persons not made plaintiffs in a bill in equity who will be affected by the decree, and if so such persons may be there joined.

A bill in equity may be maintained by an attaching creditor to remove the cloud of a tax deed upon the title of real estate of the debtor which he has attached.

BILL IN EQUITY, to remove a cloud upon the title of two parcels of land in Haverhill, created by tax deeds thereof dated February 6, 1885. Facts found by the court.

April 1, 1883, the premises in question were owned by a voluntary corporation called the Haverhill Fibre Co., which had its principal place of business in Haverhill. Having knowledge of the above facts, the selectmen put the premises into the non-resident list, and they were afterwards sold and deeded by the collector to the defendant Pike for the tax of 1883 so assessed on them. The interest of the plaintiff in the premises is that of an attaching creditor of the Fibre Co. The plaintiff is described as trustee of the Haverhill Pulp Co. The defendants objected that the plaintiff's *cestuis que trust* should have been joined as plaintiffs in the bill.

*Chase & Streeter* and *S. T. Page*, for the plaintiff.

*Bingham, Mitchells & Batchellor* and *Geo. W. Chapman*, for the defendants.

ALLEN, J. The defendants object to a decree, upon the ground that other parties interested in the merits of the proceeding have not been joined as plaintiffs. It will be ascertained at the trial term whether or not there are other persons whose interests would be affected by a decree; and if that be found, they can be joined as parties.

The estate in question being subject to execution, and the plaintiff, having obtained a specific lien upon the property by attachment in his suit at law, may maintain a bill to remove a cloud from the title, when, as in this case, the facts which entitle him to relief are not of record, and the cloud sought to be removed exists or is imminent.  *Tappan* v. *Evans*, 11 N. H. 311; *Stone* v. *Anderson*, 26 N. H. 506; *Sheafe* v. *Sheafe*, 40 N. H. 516; *Brooks* v. *Howland*, 58 N. H. 98; *Eastman* v. *Thayer*, 60 N. H. 408.

The owners of the real estate being known to the selectmen, the tax should have been assessed against them (G. L., c. 54, s. 11); and the occupant not consenting to be taxed for the property, it should have been assessed as resident.  G. L., c. 54, s. 19; *Perley* v. *Stanley*, 59 N. H. 587, 588.  The omission to assess the tax against the owners of the land, known to the selectmen to be such, the occupant not consenting to an assessment against himself, and its assessment in the non-resident list, were irregularities which render the sale of the land by the collector invalid; and against the plaintiff's attachment the defendant's title fails.

*Decree for the plaintiff.*

SMITH, J., did not sit: the others concurred.