Grafton, }
Dec., 1899. }

### RANDALL v. WATSON & a.

Real estate in the possession of a tenant in common should be taxed to him as resident, except in case of his refusal to be assessed beyond the share claimed by him.

An omission to assess a tax against the known owner and occupant of real estate, and its erroneous assessment in the non-resident list, are sufficient to invalidate a collector's sale.

Where an owner of real estate requests that it be taxed to a domestic corporation holding the premises under a lease, he is not thereby estopped from objecting to an improper assessment of the tax as non-resident.

BILL IN EQUITY, to remove a cloud upon the plaintiff's title to land in Grafton. Facts found by the court. George H. Randall had title to twenty-one sixtieths of the premises in question, April 1, 1894, and subsequently conveyed the same to the plaintiff. In 1894 the premises were assessed to the Ruggles & Randall Mica Company, in the non-resident list, and were afterwards sold by the collector for the tax of that year and conveyed to the defendant Watson.

George H. Randall resided in Grafton from 1880 until 1896. In November or December, 1893, he moved part of his goods to Boston, and stayed there through the winter, intending to return to Grafton in the spring, and did so return in April. The selectmen knew that George H. Randall was one of the owners of the premises, that he resided thereon, and that his absence from them on the first day of April was only temporary. He never refused to be taxed for the whole property. The Mica Company never owned the premises, but had a lease of them from May, 1888, to May, 1892. Their articles of association were recorded in Grafton, where they carried on business for thirteen or fourteen months, from May, 1887, when they became insolvent and ceased to do business. The premises were first taxed to that corporation in 1887, at George H. Randall's request, and continued to be taxed to them for some time afterward. The selectmen for 1894—95 knew that the Mica Company was a domestic corporation, and had only been a lessee of the premises, and that they had done no business since 1888.

The court held the tax title void, and the defendant Watson excepted. The other tenants in common being defendants and having asked for an accounting, it was ordered, and the plaintiff excepted.

*Frank D. Currier* and *William H. Cotton*, for the plaintiff.

*Ira A. Chase* and *Albert S. Batchellor*, for the defendants.

WALLACE, J. The real estate was improperly taxed as non-resident. At the time of the assessment, George H. Randall, one of the tenants in common, was in the possession and occupation of the premises. The selectmen knew of his ownership and occupancy, and that his absence on the first of April, 1894, was only temporary. He never refused to be taxed for the whole property. It should have been assessed as resident to George H. Randall. P. S., c. 56, ss. 14, 22, 24 ; *Perley* v. *Stanley*, 59 N. H. 587 ; *Perham* v. *Fibre Co.*, 64 N. H. 2.

If under any circumstances the property could have been taxed to the Mica Company, it could not have been taxed as non-resident, because that corporation was a domestic one, with its principal place of business in Grafton, where its articles of association had been filed. *Perham* v. *Fibre Co.*, *supra*. George H. Randall never requested that the property be taxed as non-resident, and the plaintiff is not estopped from objecting to the improper assessment which rendered the collector's sale invalid. This view renders it unnecessary to consider the other objections to the tax title. The exceptions to the order for an accounting are waived.

*Exceptions overruled.*

YOUNG, J., did not sit : the others concurred.