Mir. Justice McLBAN
 

 delivered the opinion of the court.
 

 This' is an appeal from the decree of the Circuit Court of the United States for the District of Louisiana.
 

 The complainants represent that they and William Frazer are the legal owners of a tract of land in East Ouachita land district, containing four thousand one hundred and twenty-six acres, as the assignees of the president, directors, and company of the Commercial and Railroad Bank of Vicksburg, a banking and railroad institution, duly incorporated, in the State of Mississippi. And they charge the defendant with setting up a claim to the land by a purchase made by him at sheriff’s sale. And they pray that the defendant may be decreed to release to them his title.
 

 The defendant denies, in his answer, that the complainants have either the equitable or legal title to the above land by virtue of the above assignment, on the ground, among others,, that the president ’and directors of the bank and railroad company had no power to assign the property of the bank, and' thereby change the trust committed to them. And the defendant alleges that he purchased the land for a valuable consideration,
 
 bona fide,
 
 at sheriff’s sale, and that the proceedings, of such sale were regular and according to law.
 

 The deed of assignment, under which the complainants-claim, is dated February 13th, 1840. As a reason for the assignment, the deed states “the embarrassed situation of the president, directors, and company of the Commercial and Railroad Bank, and the present inability of its debtors to meet their liabilities, and by consequence that the bank was unable to pay its debts promptly ” ; and they come to the conclusion,
 
 “
 
 that an assignment of the property, debts, and effects of the said corporation should at once be made for the benefit of its creditors, as will most effectually promote the interest of the creditors of the institution, and protect its debtors from .loss-
 
 *278
 
 and sacrifice; and at the same time furnish mean^to finish and complete the railroad immediately; and to protect and secure to the stockholdérs of the road the franchise granted by the charter.”
 

 And the president, directors, and company of the bank, in consideration of the premises, &c., “ granted, bargained, sold, assigned, and transferred, and set over, (feci, .to William Fra-zer, Thomas E. Robbins, and William S. Bodley, and to the survivor of them, and to their heirs, executors, administrators, and assigns, &c., all the property, real, personal, and mixed, which, either in law or equity, belongs to the. bank and its branches, wherever such property shall be found.”
 

 And the assignees were authorized to sell the effects assigned, to collect all debts due the. institution, to complete the railroad, for which purpose they were authorized to borrow a sum not exceeding two hundred and fifty-thousand 'dollars, to allow claims against the bank of a certain description, <fcc., and out of the proceeds collected first to pay the principal and interest of the above loan. After the completion of the railroad, dividends were to be.made
 
 pro rata
 
 among the creditors of the bank- who had filed their claims, should there not be a sufficient amount to pay all the claims. The trustees were to receive
 
 “
 
 out of the proceeds, as a full compensation for their-labor, trouble, and responsibility in the premises, at the rate, of eight thousand dollars each per annum.”
 

 It appears from the deed of assignment, that the creditors of the bank were designed, to be parties to it on filing their claims, <fcc. But the creditor who obtained the judgment - on which the property was sold never- became a party to the deed. The loan authorized was effected, but no dividend has ever been made among the creditors.
 

 Upon its-face this deed shows an intention by the bank to' postpone its creditors, use the effects of the bank for the completion of the railroad, pay the trustees enormous salaries, and make no dividend among the creditors of the bank until these objects were accomplished.' This was proposed to he done with the consent of creditors, and if that consent had been given, there could be no objection to the arrangement. The motive avowed, to complete the railroad, the greater part of which had been made, and by which an income would be secured for the benefit of the creditors and stockholders of the bank, would have been .legal, and perhaps wise, had the creditors consented. But the plaintiff in the judgment under which the property claimed by the plaintiffs was sold did not .consent; consequently he was not bound by the deed of assignment. It was fraudulent as against him and all other creditors .of the bank who did not become parties to the deed.
 

 
 *279
 
 This view is so clearly sustained on general principles, that it is unnecessary to consider the other questions raised in the case. The-Supreme Court of Mississippi in the case of Arthur
 
 v.
 
 The Bank, 9 Smedes & Marshall, 394, held this deed to be fraudulent against creditors; and also the Supreme Court of Louisiana, in Fellows
 
 v.
 
 The Commercial and Railroad Bank of Vicksburg, 6 Rob. 246. The judgment of the Circuit Court is affirmed, with costs.
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Louisiana, and was argued by counsel. On consideration. whereof, it is now here ordered and decreed by this court, that the decree of the said Circuit Court in this cause be and the same is hereby affirmed, with costs.