## LEACH *v.* TILTON.

The grantee in a deed which has been avoided by creditors of the grantor as fraudulent, may recover of the grantor the amount of notes previously held by the grantee against the grantor, and given up to the grantor as part of the consideration of the deed.

The grantee may also recover money paid by him as part of the same consideration, if he received the deed in good faith, without any fraudulent intent, and without any knowledge or belief that the grantor had any fraudulent intent; but he cannot recover such money if he had, or if he knew that the grantor had any such intent.

ASSUMPSIT, submitted upon the following agreed statement of facts:

November 1, 1853, the defendant gave a deed of certain real estate to Daniel G. Ladd, the plaintiff's intestate, in consideration of which Ladd gave up to Tilton four promissory notes, one dated October 1, 1852, for $350; one dated September 4, 1852, for $100; one dated January 29, 1853, for $50; and one dated April 15, 1853, for $100; and also paid him $420 in money. The notes were all on interest. The $350 note was secured by mortgage, and is the same referred to in the case *Ladd* v. *Wiggin*, 35 N. H. 421. The plaintiff in this action claimed to recover the amount of the three last mentioned notes, and the money paid, and interest on the whole.

At the time of receiving said deed, Ladd agreed with Tilton, who was about going to California, that, after Tilton's return, he would re-convey the premises upon re-payment of the consideration paid, and nine per cent interest. At the trial of the case *Ladd* v. *Wiggin*, this fact was proved by Tilton, who was a witness for Wiggin. Tilton's creditors having brought suits against him, attached the land conveyed, and recovered judgment, and set off the whole of said land on execution by valid levies. Marietta P. Ladd, the only child and heir of Daniel G. Ladd, having brought an action against said creditors, to recover possession of said land, the title was tried between the parties, in the suit *Ladd* v. *Wiggin*, in which it was decided that the deed was void as to creditors, but that the mortgage still subsisted.

In this case it was agreed that if the court should be of opinion that the plaintiff was entitled to recover, although Ladd took said deed with intent to defraud the creditors of Tilton, then judgment should be rendered for the plaintiff; and if the court should be of opinion that the plaintiff was not entitled to recover, although Ladd took the deed in good faith, being ignorant of the operation of a secret trust, then judgment was to be rendered for the defendant; and if the court should be of opinion that the question whether said deed was taken by Ladd with intent to defraud, or in good faith, was material, then the case should be discharged, and stand for trial by jury upon that question.

*E. A. Hibbard*, for the plaintiff.

*Stevens & Vaughan*, for the defendant.

DOE, J. It was decided in *Ladd* v. *Wiggin*, 35 N. H. 421, that the note for $350 was a subsisting and valid contract, notwithstanding it was given up to Tilton. The

absolute deed having been avoided by creditors, Tilton and Ladd were restored to their original positions as to the note. The deed being held inoperative, the giving up of the note was necessarily held ineffectual. The whole transaction of November 1, 1853, was such a nullity that it could not be set up by either party to defeat any of their previously existing rights of action. An action could be maintained upon the $350 note, not on account of the transaction of November 1, 1853, but notwithstanding that transaction. The note was valid before that time, and nothing then done had any effect upon it. The other notes stand upon the same ground, and the plaintiff may recover upon them for the same reasons. But the claim of the plaintiff to recover the $420, which was paid in money by Ladd to Tilton when the notes were given up, and which, with the notes, was the consideration of the deed, stands upon different ground. Before November 1, 1853, there was no existing cause of action for that sum, and there were no mutual rights or obligations between the parties in relation to it. If it can be recovered, it must be solely upon the contract of November 1, 1853, under which it was paid, or upon a rescission or defeat of that contract, or a failure of consideration. The plaintiff's claim can derive no aid from any contract made, act done, or state of things existing before November 1, 1853, but it rests wholly upon the payment of the money and the delivery of the deed at that time, and the subsequent avoidance of the deed by Tilton's creditors.

Money paid upon any legal consideration which has wholly failed, may be recovered back; and illegality in the contract will not prevent the recovery of money paid under it, unless the plaintiff is *in pari delicto* with the defendant. But when the parties are *in pari delicto*, the contract is wholly void; the law does not lend its aid to carry their agreements into effect; neither party can maintain an action which requires the contract for its support,

and, if the contract has been executed, the law will not relieve either party, but leaves both in the situation in which it finds them, to suffer or to enjoy the consequences of their unlawful acts. When the contract necessarily involves a violation of the criminal law, the parties are *in pari delicto*. Where a sale of property, without any special intent on the part of the vendor or vendee, is a crime, the vendor cannot recover the price, if unpaid, and the vendee cannot recover it back, if paid.

If Tilton gave the deed to Ladd fraudulently, to prevent the attachment or seizure of his property upon mesne process or execution, he committed an indictable offence; and if Ladd received the deed fraudulently, for the same purpose, he was guilty of a similar offence, and could not recover the money paid. Rev. Stat., ch. 215, secs. 19, 20 and 21. If a purchaser cannot recover back the price paid when the sale only is indictable, he certainly cannot recover it back when the sale and the purchase are both indictable; and if the receiving the deed by Ladd was without the intent necessary to make it a crime, still, if he knew that Tilton gave the deed fraudulently, to prevent the attachment or seizure of the land upon mesne process or execution, Ladd, being conclusively presumed to know the law, stood in the position of a vendee where the sale is indictable without any particular intent on the part of the vendor. If he was aware of Tilton's fraudulent intent, he is presumed to have known that Tilton's act, in giving the deed, was criminal, and he could not recover money paid for doing that act; but if Ladd had no fraudulent intent, and did not know or believe that Tilton had such intent, he would not be prevented from recovering the money paid, by the rule of law applicable to criminal offences.

If money is hired and lent for the purpose of being used in suppressing a criminal prosecution, it cannot be recovered, and public policy requires many contracts to be

held void which do not constitute a criminal offence; but if Ladd, in receiving the deed, was not knowingly aiding Tilton to defraud his creditors—if he received the deed and paid the money entirely in good faith, without any fraudulent intent, and without any knowledge or belief that Tilton had such intent, by no rule of law was he *in pari delicto* with Tilton, and he might recover the money paid. For making a contract which was not unlawful of itself; which he did not know or believe, and was not presumed to know or believe to be unlawful; which was valid between the parties and void only as to creditors, Ladd could not be punished, either directly, in a criminal proceeding, or indirectly, by a denial of legal remedy in a civil suit, but he would be as much entitled to relief as if, after he had paid the money, Tilton had refused to give a deed, or been unable to give a good title.

The plaintiff may recover upon the notes, even if Ladd took the deed with intent to defraud the creditors of Tilton, but his right to recover the $420, paid in money, depends upon the question whether it was paid in entire good faith, which is a question for the jury.

*Case discharged.*