UPTON *v.* HAINES. { MARCH 13, 1875. }

J. R. made and delivered his promissory note to H. & W. for $2,000, the consideration of which was an agreement by H. & W. with him that he should have for a term of years the sole and exclusive right to sell ale and beer manufactured by them in the city of M., and that the same should not be sold by any other person in said city. The note was signed by the wife of J. R. as surety, and was secured by a mortgage on real estate owned by her in her own right, and executed by her and her husband. R. and wife both died, leaving one son, J. R., Jr., a minor under the age of twenty-one years, who brought a bill in equity by S. U., his guardian, praying that the mortgage be set aside for illegality in the consideration of the note. *Held*—it being shown that the mother had knowledge or notice of the consideration of the note—that she became a party to an illegal contract, and, being *in pari delicto* with H. & W., she could not, if living, maintain such a bill, and that her heir-at-law stands in no better position.

BILL IN EQUITY, brought by Samuel Upton as guardian of John Rourke, Jr., minor son of John Rourke and his wife, Johannah Rourke, late of Manchester, both deceased, and alleging that said Johannah Rourke died seized of certain real estate situated in said Manchester, known as the whole of lot No. 262, and the easterly half of lot No. 261, on Manchester street; that during their lifetime, to wit, February 12, 1866, the said John and Johannah Rourke executed and delivered to the defendants a mortgage deed of the said premises, to secure the payment of a note of the same date for $2,000, payable to said Haines & Wallace, and signed by said John and Johannah Rourke; that said mortgage was duly recorded; that the defendants were partners, and manufacturers of ale and beer at Manchester, and said John Rourke was a saloon-keeper and a retail dealer in liquors in Manchester; that he, the said Upton, is informed and believes that said note and

mortgage were given to enable the said John Rourke to obtain credit for ale and beer, thereafter to be sold by said Haines & Wallace to him, and for no other consideration whatever, and that whatever sum is due, if any, from said John Rourke and Johannah Rourke, or either of them, to said Haines & Wallace, is due for ale and beer sold under this arrangement; that the sale of ale and beer was in violation of law; that the consideration of said note, if any, is illegal, and that said mortgage is null and void; that the said Johannah Rourke was the sole owner of said premises at the time of the execution of said mortgage, and her husband had no right or title to the same; that said note was the debt, so far as any debt existed, of the said John Rourke; that if the said Johannah signed said note, she signed it as surety; that she was not legally liable to pay the same, and that the said premises were never liable for the same; that it is necessary, in order to provide properly for the support, maintenance, and education of his said ward, to sell said premises, and that the existence of said mortgage is a cloud upon the title; that it lessens the value of the premises, and is an obstacle to the sale thereof;—wherefore the plaintiff prays that the said mortgage may be decreed null and void, and for other relief.

The defendants in their answer admit that said Upton is the guardian of John Rourke, Jr.; that John and Johannah Rourke are both deceased; that the title, as appears of record, to the premises particularly described in the bill, was in the said Johannah at the time of her death,—but they deny that she was the owner of said premises in law or in equity, and say that the premises were never bequeathed to the said Johannah, or in any way acquired by her, but were acquired by the said John, and the purchase-money therefor was paid by him out of his own money, and in no way out of any money or property at any time acquired or inherited by the said Johannah; they admit that said John and Johannah Rourke, on February 12, 1866, did give to them a note for $2,000, and a mortgage upon the premises particularly described in the bill securing the same; they also admit that they were partners in business in said Manchester, and that one branch of their business was the manufacture of ale and beer; that said John Rourke was a retail dealer in liquors and the keeper of a saloon,—but they deny that said note or any part thereof was given for ale or beer, or the mortgage securing the same, and say that the said note and mortgage were given by the said John and Johannah Rourke for and in consideration of an agreement, made and executed by the said Haines & Wallace with the said John Rourke, that the said Rourke should have for a term of years the sole and exclusive right to sell the ale and beer manufactured by said Haines & Wallace, in the city of Manchester, and that the same should not be sold by any other person or persons; and the defendants allege that they did give to the said Rourke, and he had and exercised, the sole and exclusive right to sell the ale and beer manufactured by them according to the terms of the agreement made with him, and that he, as they are informed and believe, made great

profit therefrom; and they deny that whatever sum is due upon said note and mortgage, or any sum, is due for the sale of ale or beer; they admit that the sale of ale and beer is illegal, but deny that the consideration of said note or any part thereof is illegal, and deny that said mortgage is null and void.

And they further say that they have no knowledge, information, or belief whether it is necessary to sell the said premises for the maintenance of the ward of the complainant, and therefore they deny that it is necessary to sell the same; and they deny that said mortgage is a cloud upon the title of said premises, but claim that said debt is a just debt against the estate of the said John and Johannah Rourke, and the mortgage a just and valid mortgage upon the premises, which in law and in equity should be paid out of the same.

The cause was set down for a hearing upon the bill and answer.

The questions of law arising thereon were transferred to this court for determination.

*Upton, pro se.*

*Sulloway & Topliff,* for the defendants.

SMITH, J. It is not distinctly denied in the bill that Johannah Rourke knew for what purpose the note and mortgage, which she executed with her husband, were given. The plaintiff alleges that John Rourke was a saloon keeper and retail dealer in liquors, and, in order to obtain credit for ale and beer thereafter to be sold by the defendants to him, and for no other consideration whatever, he and his wife executed the note and mortgage in question, and that whatever sum, if any, is due upon said note, is due for ale and beer sold under this arrangement.

In *State* v. *Biddle,* 54 N. H. 379, it was held that the court cannot, as matter of law, say that ale and beer are intoxicating liquors, and so within the terms of the statute prohibiting the sale thereof. The plaintiff asks that this mortgage may be decreed null and void, upon the ground that the consideration of the note was illegal; and the defendants in their answer admit that the consideration was illegal. Both parties therefore admit that the ale and beer furnished by the defendants to John Rourke were intoxicating liquors. It necessarily follows, then, that if this note was given by the wife with knowledge or notice of its consideration, the law must leave the parties, who are *in pari delicto,* in the position in which they have placed themselves. *Weeks* v. *Hill,* 38 N. H. 199; *Leach* v. *Tilton,* 40 N. H. 473.

But the defendants have filed their answer, in which they deny that the note was given for the sale of ale as alleged in the bill, but say that it was given in consideration of an agreement between the defendants and John Rourke, by which he acquired for a term of years the sole and exclusive right to sell the ale and beer manufactured by the defendants in the city of Manchester. But it is not distinctly alleged that the wife had notice or knowledge of the consideration of the note.

The plaintiff has set down the cause for a hearing upon the bill and answer. The answer not being sworn to, is regarded in our practice as a mere pleading. The allegations of the bill, so far as not denied by the defendants in their answer, are taken as true, and the allegations in the answer, so far as they are responsive to the bill, are also to be taken as true.

The sale of spirituous and intoxicating liquors being prohibited by law, a contract to give another the right to the exclusive sale of such liquors is a contract to promote the sale of an article prohibited by law, and is consequently an illegal contract.

The legal title to the mortgaged premises was in the wife. If the purchase-money was furnished by the husband, there would have been a resulting trust in favor of the husband, of which the then existing creditors might have availed themselves; but as to subsequent creditors no such trust is raised.\*

If it should turn out on the trial that the wife had knowledge of the illegal consideration upon which the note and mortgage were based, the law would leave her where she placed herself; and her son, who takes her rights in the land by inheritance, would be in the same predicament, and so could not have the relief sought by the bill. *White* v. *Hunter*, 23 N. H. 128. If, on the other hand, it should be made to appear at the trial that Johannah Rourke had no such knowledge, no reason is now seen why the prayer of the bill should not be granted.

Upon these views the order must be that the bill be dismissed, unless the plaintiff obtains leave in the circuit court to amend his bill, file a replication, and proceed to proof.

CUSHING, C. J. The plaintiff in this case appears as the guardian of John Rourke, Jr. It is, in point of fact, the suit of John Rourke, Jr., appearing by his guardian, Samuel Upton, and the case must be determined on the same principles as if the suit were, in form, the suit of John Rourke, Jr.

It is substantially alleged in the bill, that the plaintiff's father and mother,—John Rourke and Johannah Rourke,—under whom he claims and whose title he has, in their lifetime executed a mortgage of the tract of land in controversy to the defendant; that said mortgage was given to secure a note, the consideration of which was the price of intoxicating liquors unlawfully sold by the defendants to the plaintiff's ancestor; that the note, therefore, is void, and the mortgage also,— both being given for the purpose of carrying out the unlawful trade. The case comes here to be heard on the bill and answer, and we must, I suppose, assume that whatever is alleged in the bill, and not denied in the answer, is true, and that the answer is true.

From the allegations in the bill and answer, I infer that the contract, in the execution of which the note and mortgage were given, was a

---

\**Pembroke* v. *Allenstown*, 21 N. H. 107 ; *Vogt* v. *Ticknor*, 48 N. H. 242 ;—but see *Dickinson* v. *Davis*, 43 N. H. 648.            REPORTER.

contract, the object of which was the furtherance and promotion of the sale of ale, which the answer admits to have been intoxicating liquor, of which the sale was prohibited by law.

The bill alleges and relies upon this unlawful contract, but does not allege, as I think it should in order to make out the case, that Mrs. Johannah Rourke was ignorant of the nature of the contract which she assisted to execute and carry out by signing the note in question. It seems to me beyond doubt that if Johannah Rourke were the plaintiff here, she would be obliged to clear her skirts from all stain from this illegal transaction, and I cannot see how her death should relieve her representative from the burthen which I think she must have borne.

The plaintiff invokes the aid of the court to relieve him from the effects of that unlawful contract. He asks the court to interfere, and set aside for his benefit a deed made by his ward's ancestor, for the purpose of carrying out this contract.

The case of *White* v. *Hunter*, 23 N. H. 128, appears to me to be exactly in point. There, as here, the plaintiff was seeking the aid of the court to relieve him from the consequences of his ancestor's unlawful contract. The maxim, *in pari delicto potior est conditio defendentis*, was held to apply. If, as I should infer from the case, the defendants are not in actual possession, and should hereafter find it necessary to invoke the aid of the court to enable them to recover possession, the same maxim would probably be held applicable.

I think the bill must be dismissed unless the parties, having obtained leave in the circuit court, shall amend their pleadings as they shall be advised, and go to trial.

LADD, J., concurred in the result.

*Decree accordingly.*