CARBEE v. MASON & Tr., WILLARD, *Claimant.*

The payer of a negotiable note made in Vermont, and payable to a citizen of that state, cannot be charged in this state as his trustee.

The insolvent law of one state has no effect in another as against its citizens' holding claims that follow the person of the creditor, unless such citizens submit themselves to the jurisdiction of the state where the law was enacted.

FOREIGN ATTACHMENT. Issue between the plaintiff and the claimant. Facts found by the court. The plaintiff, trustee, and claimant are citizens of this state. The defendant is a citizen of Vermont. The claimant is the assignee in insolvency of the defendant in Vermont. The trustee is indebted to the defendant upon three negotiable promissory notes, made and payable in Vermont; also on account for meal sold and delivered to him by the defendant in Vermont.

*W. F. Westgate,* for the plaintiff.

*J. H. Watson* (of Vermont), for the claimant.

BINGHAM, J. The notes were negotiable, made and payable in Vermont. The payee lived there, and the payer in New Hampshire, at the time they were executed. They were not subject to the trustee process, and the plaintiff obtained no lien by the attachment. *Jones v. Rider,* 60 N. H., 452; G. L., c. 249, ss. 15–17; *Chadbourn v. Gilman,* 63 N. H. 353.

The debt of the trustee for the meal, not being in the form of a negotiable note, stands differently. The plaintiff, trustee, and claimant are all residents of this state, parties to and appear in the proceedings. The claimant was appointed the assignee of the defendant, and his assignment was issued by the court of insolvency of Vermont after the service of this writ upon the trustee.

The issue now being tried is between the plaintiff and the claim-

ant, who represents the Vermont creditors and the defendant so far as they have any interest, in contesting the plaintiff's attachment of the money due for the meal.    The plaintiff has not proved his debt against the estate of Mason, or submitted himself to the jurisdiction of the insolvency court of Vermont.

The insolvent law of one state has no effect in any other, as against a citizen of the latter state holding a claim that follows the person of the creditor, no matter where the debt was contracted or where it was made payable, unless the citizen of such other state voluntarily proves it in the state where the law was enacted, and thus places himself under its jurisdiction.  *Baldwin* v. *Hale*, 1 Wall. 223; *Dunlap* v. *Rogers*, 47 N. H. 281, 288; *Bank* v. *Butler*, 45 N. H. 236; *In matter of Waite*, 99 N. Y. 433, 448, 449; *Kelley* v. *Drury*, 9 Allen 27.

The claimant residing here, appearing and prosecuting his claim in this court, all parties must be bound by the judgment.

*The trustee is charged for the sum he owes for the meal.*

SMITH, J., did not sit : the others concurred.