PERLEY v. MASON & Trs., WILLARD, Claimant.

The insolvent law of one state has no effect in another state against the
    citizens of the latter holding claims that follow the person of the cred-
    itor, unless they place themselves under the jurisdiction of the law by
    voluntarily becoming parties to the insolvency proceedings.

It is the citizenship of the creditor, and not the place where the debt
    was contracted or made payable, that determines the question of juris-
    diction; and the creditor's objection to the jurisdiction, on the ground
    of his citizenship in another state, is waived by voluntarily proving
    any part of his claims in the insolvency proceedings.

FOREIGN ATTACHMENT. Issue between the plaintiff and the
claimant. The plaintiff, trustees, and claimant are citizens of this
státe; the defendant is a citizen of Vermont. The action was be-
gun January 31, 1885, and is founded on a note for $100, dated
Fairlee, Vt., November 8, 1883, signed by the defendant, and pay-
able to the plaintiff, or bearer, on demand with interest annually.
January 21, 1885, the trustee was indebted to the defendant for
flour and grain sold and delivered at Fairlee, Vt. On that day
the defendant filed his petition in insolvency under the Vermont
insolvent law, and was thereupon duly adjudged an insolvent debtor
by the insolvency court of Vermont. February 9, 1885, the claim-
ant, Willard, was elected assignee, and an assignment issued to him
by the court. The same day the plaintiff proved against the estate
two other promissory notes which he held against Mason, and he,
or his attorney for him, voted for assignee. By the terms of the
Vermont statute, all debts due the debtor are vested by the assign-
ment in the assignee. The Vermont court has decided that the
assignment takes effect from the date of the filing of the petition.
Willard claims the funds in the hands of the trustees as assignee.

*Chapman & Lang*, for the plaintiff.

*Farnham & Chamberlin* (of Vermont), for the defendant.

*John H. Watson* (of Vermont), for the claimant.

CLARK, J. The plaintiff's right of action and attachment in
this case is not affected by the insolvency proceedings in Vermont,
unless he has in some way become a party to them. The insol-
vent law of one state has no effect against the citizens of another
state holding claims that follow the person of the creditor, no mat-
ter where the debt was contracted, or where it is made payable,
unless they place themselves under the jurisdiction of the law by
voluntarily becoming parties to the insolvency proceedings. *Dun-*

*lap* v. *Rogers*, 47 N. H. 281, 288; *Bank* v. *Butler*, 45 N. H. 236; *Baldwin* v. *Hale*, 1 Wall. 223.

The plaintiff voluntarily became a party to the insolvency proceedings in Vermont by proving a portion of his claims against the defendant's estate in insolvency, and voting for assignee personally, or by his attorney. By proving two of his notes, and participating in the choice of assignee, he recognized the validity of the assignment; and under the law of Vermont the assignment vested in the assignee (who is the claimant in this case) all the property and estate of the debtor from the date of the petition, including that portion of the estate which the plaintiff seeks to hold under his attachment. His ratification of the assignment, by voluntarily proving a part of his claim in Vermont and acting in the choice of assignee, precludes him from enforcing his attachment in this action. The two positions which he assumes are antagonistic and inconsistent. As to two of his notes he recognizes the insolvent law of Vermont, and voluntarily subjects himself to its operation, affirming the validity and claiming the benefit of the assignment, which vests the funds in the hands of the trustees in the assignee in insolvency for the benefit of all the creditors. As to the third note, he insists that the assignment is inoperative as against him, and claims to hold the funds in the hands of the trustees for his sole and exclusive benefit, upon the ground that the insolvency law of Vermont has no jurisdiction over him. The plaintiff cannot occupy these inconsistent positions, denying the validity of the assignment for the purpose of securing full payment of a part of his claim from the debtor's estate in New Hampshire to the exclusion of the other creditors, and asserting its validity to enable him to share with them in the distribution of the estate in Vermont as to the residue of his claim. He cannot avail himself of the benefits of the insolvency law without submitting to its conditions. He was not compelled to place himself within its jurisdiction. He had his election, and, having voluntarily exercised it, he is governed by its provisions.

It is the citizenship of the creditor, and not the place where the debt was contracted or where it is payable, that determines the question of jurisdiction; and the plaintiff has waived his right to object to the jurisdiction on the ground of his citizenship in New Hampshire by voluntarily becoming a party to the insolvency proceedings. In *Jones* v. *Horsey*, 4 Md. 306, it was ruled that a foreign creditor, uniting with a domestic creditor in recommending a trustee for an insolvent debtor, places both creditors on the same level, and both share alike in the assets. In that case the plaintiffs, citizens of New York, brought an action against Wiggins & Co., citizens of Maryland, as principal defendants, and Horsey, trustee. The trustee, Horsey, was trustee or assignee of Wiggins in insolvency, and pleaded Wiggins's discharge. The plaintiffs' attorney had joined in recommending Horsey's appointment as assignee; and

it was held that this barred the plaintiffs from recovering. *Clay v. Smith*, 3 Pet. 411; *Bodley* v. *Goodrich*, 7 How. 276; *Baldwin v. Hale*, 1 Wall. 223; *Gilman* v. *Lockwood*, 4 Wall. 409; *Chafee v. Bank*, 71 Me. 514; *Adlum* v. *Yard*, 1 Rawle 163; *Rapalee* v. *Stewart*, 27 N. Y. 310; McConnell Trustee Process, s. 329.

*Trustees discharged.*

SMITH, J., did not sit: the others concurred.