STRATTON *& a.* v. PUTNEY *& a.*

HALL *& a.* v. SAME.

A conveyance of land, absolute on its face, with a secret agreement that it shall be reconveyed upon the payment of a certain sum by the grantor to the grantee, is void as to creditors of the grantee, although no fraud was actually intended by the parties.

The two cases are bills in equity to remove a cloud from the title to land in Antrim.   Facts found by the court.   July 7, 1882, the defendant Putney, being the owner of the land in question, conveyed it to the defendant Elliott by a deed absolute on its face, but in reality to secure a loan of $2,000 about that time made by Elliott to him.   The conveyance was not made to hinder or delay creditors, nor with any intent to defraud them.   Putney paid $700 of the money thus obtained to the plaintiffs, Stratton, Merrill & Co., upon their account against him, and the remainder of the money he used in paying other accounts for merchandise and in his business, and in completing the store on the premises.   Putney's liabilities were considerable at the time of the conveyance, and he was in embarrassed circumstances.

February 20, 1884, the plaintiffs in both actions attached the premises on writs against Putney, and having obtained judgments at the March term, 1884, caused the executions issued thereon to be duly levied upon the premises; and it is by virtue of that levy that they claim title as against the defendant Elliott.

*Albin & Martin*, for the plaintiffs.
    38*

*Briggs & Huse,* for the defendants, contended (1) that the facts. shown by the case do not warrant a presumption of fraud,—citing and commenting on *Putnam* v. *Osgood,* 52 N. H. 148, *Winkley* v. *Hill,* 9 N. H. 32, *Badger* v. *Story,* 16 N. H. 173, *Albee* v. *Webster,* 16 N. H. 373, *Coolidge* v. *Melvin,* 42 N. H. 533, *French* v. *Hall,* 9 N. H. 145, *Clark* v. *Morse,* 10 N. H. 239.

(2) Constructive fraud, without actual fraud or fraudulent intent, does not invalidate an actual sale as to subsequent creditors.

It seems to be well settled that in order to avoid a conveyance as fraudulent against subsequent creditors, there must be a fraud actually intended, and not one which is fraud by inference of law · from certain facts which are in their very nature calculated to defeat the existing creditors, and against which the law cannot effectually guard them otherwise than by pronouncing the transaction fraudulent. *Parker,* C. J., in *Badger* v. *Story, supra.*

If there was fraud in fact, it might be immaterial whether the debt subsisted at the time of the conveyance or not, as a voluntary conveyance with fraudulent views would seem to be void even as to subsequent creditors, but not so if there was no fraud in fact. *Upham,* J., in *Carlisle* v. *Rich,* 8 N. H. 50; *Smith* v. *Lowell,* 6 N. H. 69. Subsequent creditors must show the fraud. *Kimball* v. *Fenner,* 12 N. H. 254; *McConihe* v. *Sawyer,* 12 N. H. 398; *Smyth* v. *Carlisle,* 16 N. H. 468.

If it is held that subsequent creditors can take advantage of a legal fraud merely, where no designed, actual fraud exists, it must be on the theory expressed in *Paul* v. *Crooker,* 8 N. H. 288, that the trust is quite as likely to deceive and defraud subsequent as existing creditors, by giving him credit to which he was not entitled. The reasoning loses its force when applied to conveyances of real estate properly recorded. It will not be denied that if this property had been mortgaged to Elliott instead of conveyed absolutely, subsequent creditors would have been bound by the notice which the record would give them; but this deed was equally a matter of record, and the honest, *bona fide* purchaser of this property should not suffer for the neglect of creditors not in being for years after the sale. Most of the cases hold that, even where the transfer is fraudulent as to existing creditors, to enable a subsequent creditor to set it aside there must be special circumstances, such as continued possession by the debtor, whereby he obtained the credit. The rule is said to be, that a transfer is void only as against those it was intended to defraud, and that subsequent creditors cannot ordinarily come within that description. Benj. Sales, s. 733, citing *Harlan* v. *Maglaughlin,* 90 Penn. St. 293, *Monroe* v. *Smith,* 79 Penn. St. 459, *Snyder* v. *Christ,* 39 Penn. St. 499, 506, *Shand* v. *Hanley,* 71 N. Y. 319, *Arrowsmith* v. *O'Sullivan,* 44 N. Y. Sup'r Ct. 573, *Mullen* v. *Wilson,* 44 Penn. St. 413, *Donley* v. *McKiernan,* 62 Ala. 34, *Lloyd* v. *Bunce,* 41 Iowa 660, *Sanders* v. *Chandler,* 26 Minn. 273, and *Lehmberg* v. *Biberstein,* 51 Tex. 457.

Fraud in a voluntary settlement is an inference of law, and ought to be so, so far as it concerns existing debts. But as to subsequent debts there is no such necessary legal presumption, and there must be proof of fraud in fact. 1 Sto. Eq. Jur. 361; *Hinde* v. *Longworth*, 11 Wheat. 199; *Cole* v. *Varner*, 31 Ala. 244; *Converse* v. *Hartley*, 31 Conn. 372; *Thacher* v. *Phinney*, 7 Allen 146; *Lancaster* v. *Dolan*, 1 Rawle (Pa.) 231; *Parkman* v. *Welch*, 19 Pick. 231; *Damon* v. *Bryant*, 2 Pick. 411; *Carpenter* v. *McClure*, 39 Vt. 9; *Day* v. *Cooley*, 118 Mass. 527; *Winchester* v. *Charter*, 12 Allen 606; *Wadsworth* v. *Williams*, 100 Mass. 126; *Toney* v. *McGehee*, 38 Ark. 427; *Claflin* v. *Mess*, 30 N. J. Eq. 211; *Pope* v. *Wilson*, 7 Ala. 690; *Smith* v. *Greer*, 3 Humph. 118; *Wyman* v. *Brown*, 50 Me. 139; *Bailey* v. *Bailey*, 61 Me. 361.

SMITH, J. The conveyance by Putney to Elliott, and the agreement executed by them in pursuance of the understanding entered into at the time of the negotiation for the conveyance of the land, that Elliott would reconvey to Putney upon repayment of the purchase-money, were in effect a loan by Elliott to Putney of $2,000, and a taking of security for the loan by deed absolute upon its face. The value of the land exceeded the amount of the loan, and Putney was in embarrassed circumstances. The law does not permit debts to be secured in this manner as against creditors. A secret understanding, that on payment of the debt the land shall be reconveyed, constitutes a secret trust that renders the conveyance void against subsequent as well as existing creditors. The conveyance is deemed fraudulent, whether the actual purpose to defraud is found as a fact, or is conclusively presumed from admitted facts. The trust being established, the intent to defraud creditors is conclusively presumed. Such a trust is inconsistent with an absolute sale. *Smith* v. *Lowell*, 6 N. H. 67; *Paul* v. *Crooker*, 8 N. H. 288; *Winkley* v. *Hill*, 9 N. H. 31; *Tifft* v. *Walker*, 10 N. H. 150; *McConihe* v. *Sawyer*, 12 N. H. 403; *Page* v. *Carpenter*, 10 N. H. 77; *Towle* v. *Hoit*, 14 N. H. 61; *Ladd* v. *Wiggin*, 35 N. H. 421, 426; *Coolidge* ·v. *Melvin*, 42 N. H. 510; *Putnam* v. *Osgood*, 51 N. H. 192—*S. C.*, 52 N. H. 148; *Ranlett* v. *Blodgett*, 17 N. H. 298; *Coburn* v. *Pickering*, 3 N. H. 415; *Lang* v. *Stockwell*, 55 N. H. 561; *Cutting* v. *Jackson*, 56 N. H. 253; *Plaisted* v. *Holmes*, 58 N. H. 293—*S. C.*, 58 N. H. 619; *Sumner* v. *Dalton*, 58 N. H. 295.

*Decree for the plaintiffs.*

ALLEN, J., did not sit: the others concurred.