## WATKINS *v.* ARMS.

A conveyance of property absolute in terms, but in fact a mere security, is fraudulent and void as against the grantor's creditors, although no fraud was intended.

BILL IN EQUITY, to annul a deed of land and a transfer of bank stock.

March 2, 1885, the plaintiff, a citizen of this state, attached the land and stock, and, subsequently having obtained a judgment, levied upon them as the property of A. S. Watkins. March 9, 1885, Watkins filed his petition in the insolvency court of Windham county, Vermont, was by that court adjudged an insolvent debtor March 21, 1885, and on the same day all his .estate was conveyed to his assignee by deed, which, by the law of that state, relates to the date of the petition. The defendant and Watkins are citizens of Vermont.

October 17, 1884, Watkins being then insolvent, and indebted to the defendant in the sum of $2,838.72, gave to the defendant his note for $3,775.49 and a mortgage to secure its payment. The mortgage covered certain lands belonging to his wife, who joined with him in the mortgage. February 24, 1885, the defendant, at the wife's request, released her property from the mortgage, and in place of and as a substitute for it, Watkins, with no intent or purpose to hinder or delay his creditors, gave the defendant an absolute deed of the land, and a like transfer of the bank stock in question, to be held by him as security for the mortgage debt.

*B. Lovell* and *Batchelder & Faulkner*, for the plaintiff.

*C. B. Eddy* (of Vermont), for the defendant.

CARPENTER, J. The plaintiff's rights are not affected by the insolvency proceedings in Vermont. *Perley* v. *Mason*, 64 N. H. 6; *Carbee* v. *Mason*, 64 N. H. 10, and cases cited.

The conveyance of the land and bank stock to the defendant was absolute in terms, but was in fact a mere security. Watkins, upon payment of the mortgage debt was entitled to a reconveyance. This is a secret trust, and fraudulent in law, though no fraud was in fact intended. *Stratton* v. *Putney*, 63 N. H. 577, and cases cited.

*Decree for the plaintiff.*

ALLEN, J., did not sit: the others concurred.