Strafford, }
Dec., 1899. }

HALL, *Ap't, v.* HALL *& a.*

| 70 | 47 |
| 72 | 70 |

A widow is not entitled to dower in land to which her husband had a right of conveyance, and which after his decease was purchased by the administrator for the benefit of the estate.

PROBATE APPEAL. Facts agreed. The plaintiff, widow of Dyer P. Hall, was married to him August 15, 1883. Before the marriage Dyer gave a note for $1,450 and a deed of a tract of land to Deborah Felker, who, at the same time, gave him a bond to reconvey upon payment of the note. Dyer continued in possession of the land until his death. His administrator paid the note, and thereupon Deborah conveyed the land to him for the benefit of the estate. The plaintiff claims dower in the land.

*Worcester, Gafney & Snow,* for the plaintiff.

*George E. Cochrane* and *John Kivel,* for the defendants.

PEASLEE, J. The deed to Deborah Felker, being accompanied by a secret trust, was voidable as to the grantor's creditors (*Stratton* v. *Putney,* 63 N. H. 577); but as between the parties it was a valid contract. *Esty* v. *Long,* 41 N. H. 103. The parties intended that the deed and bond should operate only as security. While no other inference can be drawn from their acts, yet the transaction cannot be treated as a mortgage because of the prohibition of the statute. P. S., c. 139, ss. 1, 2; *Tifft* v. *Walker,* 10 N. H. 150; *Gordon* v. *Gordon,* 54 N. H. 152. Hall had a right to a conveyance upon the performance of certain conditions. This right having been created simultaneously with the grant, the grantee acquired no such seizin as would support a dower right as against Hall. *Hunkins* v. *Hunkins,* 65 N. H. 95, 99; *Hallett* v. *Parker,* 69 N. H. 134. On the other hand, Hall had not sufficient interest to support such a title in his widow. Conceding that it is the law that the holder of an equitable title has sufficient seizin to support a claim of dower (compare 1 Per. Tr., s. 324, 1 Wash. R. P. 202 *et seq.,* 4 Kent 45, with *Hopkinson* v. *Dumas,* 42 N. H. 296, 306), it cannot avail this plaintiff. The equitable title required for this purpose is a present right to enforce in a court of equity a demand either for a legal title or for the beneficial use of the property. *Pugh* v. *Bell,* 2 T. B. Mon. 125,—15 Am. Dec. 142; 1 Per. Tr., s. 324. This is more than Hall possessed. He had only a right to

obtain title upon performing the condition of the bond.   He owned
an executory contract, but neither a legal nor equitable title to the
real estate.   If the condition had not been performed, Deborah's.
title would have been complete without foreclosure or further con-
veyance.   The bond was personal property; and the fact that the
administrator converted it into real estate, instead of selling it,
does not change the nature of the estate in his hands.   *Vande-
walker* v. *Rollins*, 63 N. H. 460, 464.

*Appeal dismissed.*

All concurred.