Cheshire,  }
March 3, 1903. }

## STOCKWELL *v.* STOCKWELL.

A bill in equity alleging a conveyance of real estate by the plaintiff for the purpose of self-protection during the pendency of a libel for divorce and a breach of the defendant's agreement to reconvey the premises on demand, does not as matter of law disclose such a fraudulent intent on the part of the grantor as to preclude equitable relief.

BILL IN EQUITY, praying for a reconveyance of real estate. The bill alleges, in substance, that on October 13, 1899, the plaintiff executed to the defendant a deed of six parcels of land, and upon the same day the defendant gave the plaintiff a bond to reconvey the same to her upon demand, under a penalty of $3,000. The land conveyed was fully described in the bond, which was duly recorded. The plaintiff has demanded a deed of the land in accordance with the terms of the bond. At the date of these instruments, a libel for divorce against the plaintiff, praying for alimony in favor of her then husband, one Shepardson, was pending. The bill alleges that she deeded the land in question to the defendant "on account of said litigation, and to protect herself in the matter of said alimony." At the April term, 1900, of the supreme court for Cheshire county, a divorce was granted to Shepardson from the plaintiff, and the sum of $2,000 decreed him as alimony was paid by the plaintiff June 1, 1900. August 25, 1900, the plaintiff and defendant became husband and wife, which relation still exists.

The defendant demurred as follows: "The defendant says the plaintiff is not entitled upon her said bill to the relief prayed for, because said bill sets forth a fraudulent purpose and intent on her part in making the conveyance and agreement which she seeks to have enforced." The demurrer was sustained by *Wallace*, C. J., at the April term, 1902, of the superior court, and the plaintiff excepted.

*Charles H. Hersey* and *Clarke C. Fitts* (of Vermont), for the plaintiff.

*Batchelder & Faulkner*, for the defendant.

PARSONS, C. J. The plaintiff conveyed to the defendant certain real estate, taking back from him a bond with a penalty for a reconveyance of the same upon demand. The bill is brought to secure a reconveyance according to the terms of the bond. If the

transaction were voidable as to creditors, it was valid between the parties unless in fact made with a fraudulent intent. *Hall* v. *Hall*, 70 N. H. 47; *Esty* v. *Long*, 41 N. H. 103. Unless defeated on the ground of the illegality of the contract sought to be enforced, the plaintiff is entitled to a reconveyance according to the terms of the bond. *Ewins* v. *Gordon*, 49 N. H. 444, 457. Where the parties to an executed illegal contract are equally in fault, the law leaves them where they have placed themselves, and will not interfere for the recovery of money paid, or lands or goods delivered, under such a contract. 1 Sto. Eq. Jur., s. 298; *Edgerly* v. *Hale*, 71 N. H. 138; *M. & L. Railroad* v. *Railroad*, 66 N. H. 100, 131; *Leach* v. *Tilton*, 40 N. H. 473. "The fraudulent grantor himself cannot elect to set the conveyance aside, nor enforce a secret trust for his own benefit. . . . The principle, indeed, is one of common law, which makes that which is fraudulent in fact void; but whose maxim in all cases of confederate fraud is, *in pari delicto melior est conditio defendentis.*" Bisp. Eq., s. 248.

The defendant demurs upon the ground that the allegations of the bill disclose a fraudulent purpose and intent on the part of the plaintiff. Between the parties to this suit, the question of fraud is solely one of fact. It is not to be inferred as a presumption of law from a secret trust or a want of consideration, as it would be in a controversy between the grantee and creditors of the grantor who had seized the property. *Thompson* v. *Esty*, 69 N. H. 55, 70, 71; *Stratton* v. *Putney*, 63 N. H. 577; *Gove* v. *Campbell*, 62 N. H. 401; *Leach* v. *Tilton*, 40 N. H. 473. The bill does not admit the existence of the alleged fraudulent intent. Fraud is not to be presumed; it must be clearly established by proof; or at least be manifestly indicated by the circumstances. *Jones* v. *Emery*, 40 N. H. 348. The plaintiff's purpose may have been to secure funds to conduct the litigation and to pay the probable judgment againt her. She may have been deceived or badly advised as to her proper course, and may in fact have done what she did in entire good faith, although she made the conveyance on account of the litigation and to protect herself in the matter of alimony. Whether she acted with an honest purpose, or with an unlawful one to obstruct the course of justice and defeat the collection of any judgment against her, are questions of fact. The fact that the agreement to reconvey was not kept secret, but was recorded, leaving her interest in the real estate open to seizure upon execution (P. S., c. 220, s. 7; *Low* v. *Carter*, 21 N. H. 433, 435), is an evidentiary fact tending to show that her purpose was not to defraud creditors. The allegations of the bill do not necessarily conclude the plaintiff upon the question of her good faith. As her bad faith is not admitted, it cannot be inferred as matter

of law.   What inference of fact should be made upon the facts alleged is immaterial.   Until the fact is admitted or found against the plaintiff, her right to maintain the bill is not determinable as matter of law.   Other questions discussed can more profitably be considered when the facts are found.   The demurrer should have been overruled.

*Exception sustained.*

CHASE, J., was absent: the others concurred.