Merrimack,
June 7, 1904.

COOK, *Adm'r, & a. v.* LEE.

A conveyance tainted with actual fraud as to any person is voidable by subsequent creditors of the grantor, as well as by those whose claims were in existence at the date of the transaction.

The administrator of a fraudulent grantor may maintain a bill in equity to set aside the conveyance, if the property is required to pay debts of his decedent.

A widow may avoid a voluntary conveyance made by her husband for the purpose of defeating her marital rights; and the mere fact that she had knowledge of the conveyance prior to her marriage does not, as matter of law, create an estoppel against her.

The fact that a proceeding to set aside a fraudulent conveyance was dismissed on the plaintiff's motion, without any judgment on the merits, does not estop him from subsequently maintaining a similar suit for the same relief.

An heir-at-law cannot maintain an action to set aside a voluntary conveyance by his ancestor.

Whether justice requires that one who has released a judgment against a voluntary grantor, in consideration of his promise to obtain a reconveyance of the property, shall be reinstated as a judgment creditor in a subsequent suit to set aside the conveyance, and whether damages occasioned by a breach of the agreement to reconvey shall be assessed in the latter proceeding, are questions determinable by the trial court.

Whether a deed of real estate was delivered is a question of fact; and a finding of delivery is warranted by evidence that the owner of the property, in pursuance of an intention to transfer the title, executed a deed thereof which came into the possession of and was accepted by the grantee.

BILL IN EQUITY, by the administrator and widow of John J. Lee and the guardian of his only child, to avoid a fraudulent conveyance. Transferred from the April term, 1903, of the superior court by *Peaslee,* J.

John J. Lee had a son by Sarah Stewart and had promised to marry her; but having made up his mind to prevent her and his son from taking any part of his property, made a voluntary conveyance of his real estate to his sister Kate, the defendant, with the purpose of defeating Sarah's rights as his wife and his son's rights as his heir if he concluded to marry Sarah, or to defeat her rights as a creditor if he concluded not to marry her. After he made the conveyance he refused to marry Sarah, and she sued for a breach of his promise of marriage, recovered judgment, begun a levy, and brought a bill in equity in aid of it to uncover the property conveyed by him. The bill was marked for a hearing at the April term, 1899. Before the case was reached, John, in pursuance of

his original fraudulent purpose, concluded to marry Sarah, if by so doing he could induce her to discontinue the equity proceeding and release her judgment; and in order to accomplish this purpose, he promised that he would marry her and procure a reconveyance of his property, so that her rights as his wife and her son's rights as his heir would attach. Relying on this promise, Sarah released her judgment, discontinued the bill in equity, and married him. John did not intend to keep his promise, and made it as part of a conspiracy with the defendant and others to prevent Sarah and his son from receiving any benefit from his property. Sarah did not know of the conspiracy until after John's death. Kate was not present when the deed to her was made. John executed it and had it recorded, and it was delivered to her in his lifetime, but he retained possession of the property until he died. His estate is insolvent.

There was a decree for the widow and the administrator, and the bill was dismissed as to the guardian, and the defendant and the guardian excepted. After the case had been heard Sarah moved to be reinstated as a judgment creditor, and the guardian moved that the damages caused to her ward's estate by John's failure to perform the agreement with Sarah for the child's benefit be allowed and assessed in this proceeding. Both motions were denied, subject to exception. An exception was also taken to the finding that the deed to Kate was delivered.

*Matthews & Sawyer* and *Martin & Howe*, for the plaintiffs.

*Mitchell & Foster* and *Sargent, Niles & Morrill*, for the defendant.

YOUNG, J. The statute of 13 Elizabeth (*c. 5*) provides in substance that a fraudulent conveyance is voidable by those who are injured by it; so the only persons who can avoid a fraudulent conveyance are those who might take the property from the grantor or from his heirs if no conveyance had been made. *Esty* v. *Long*, 41 N. H. 103; *Stevens* v. *Morse*, 47 N. H. 532; *Stewart* v. *Inglehart*, 7 G. & J. 132,—28 Am. Dec. 202; Bump Fr. Con., *ss.* 432, 433, 451.

A conveyance tainted with actual fraud as to any persons may be avoided not only by those whose claims were in existence at the time the conveyance was made, but also by those whose claims accrued thereafter. *Smith* v. *Lowell*, 6 N. H. 67; *Paul* v. *Crooker*, 8 N. H. 288, 290; *McConihe* v. *Sawyer*, 12 N. H. 396; *Robinson* v. *Holt*, 39 N. H. 557; *Coolidge* v. *Melvin*, 42 N. H. 510; *Morrison* v. *Morrison*, 49 N. H. 69; *Plaisted* v. *Holmes*, 58 N. H. 619; *Preston* v. *Cutter*, 64 N. H. 461; Bump Fr. Con., *s.* 32.

If a conveyance is made to defeat the rights of the grantor's wife, or of his creditors, it will not lose its fraudulent character as to any of them unless they confirm it or are in some other way estopped to attack it. Bump Fr. Con., s. 456. If it is fraudulent as to the creditors of a deceased person, the administrator may maintain a bill in equity to avoid it as their representative if it is necessary to do so to pay the debts of the deceased. *Kingsbury* v. *Wild*, 3 N. H. 30; *Everett* v. *Read*, 3 N. H. 55; *Abbott* v. *Tenney*, 18 N. H. 109; *Leavitt* v. *Leavitt*, 47 N. H. 329, 333; *Janvrin* v. *Curtis*, 63 N. H. 312; *Preston* v. *Cutter*, 64 N. H. 461; *Clark* v. *Clough*, 65 N. H. 43, 80. When it is fraudulent as to all the creditors, and the estate is insolvent, the administrator after a decree in his favor may treat the property as though no conveyance had been made, and sell so much of it as is necessary to pay the debts of the deceased and the expenses of administration, including the expense of the proceeding to avoid the fraudulent conveyance. *Abbott* v. *Tenney*, 18 N. H. 109, 113.

In this case John made the conveyance in controversy to prevent Sarah from satisfying any judgment she might recover if he decided not to marry her; and since the creditors could take the property from John's heirs if no conveyance had been made, it is void so far as their claims are - concerned. As to them, the property stands as though no conveyance had been made.

A widow may avoid a conveyance made to defeat her marital rights. *Walker* v. *Walker*, 66 N. H. 390. It follows that Sarah may maintain this proceeding as John's widow, for the conveyance was made to defeat her rights as his wife if he decided to marry her, and it is found that she has not confirmed the conveyance and is not estopped to attack it. Although the fact that she had known of the conveyance for some time before her marriage to John is evidence tending to prove that she confirmed it and is estopped to attack it, still this fact does not, as a matter of law, establish either proposition. *Derry Bank* v. *Davis*, 44 N. H. 548, 550; *Cole* v. *Tyler*, 65 N. Y. 73, 79; Bump Fr. Con., s. 456. The fault with the defendant's contention that the validity of the conveyance, so far as Sarah is concerned, is *res judicata*, lies in the fact that the proceedings she brought in aid of her levy were dismissed on her motion. There must be a final judgment on the merits in order that the judgment may create an estoppel. *Hearn* v. *Railroad*, 67 N. H. 320; *Gregg* v. *Company*, 69 N. H. 247; *Pittsfield* v. *Exeter*, 69 N. H. 336; *Ordway* v. *Railroad*, 69 N. H. 429; *Bank Commissioners* v. *Association*, 70 N. H. 557; *MacDonald* v. *Railway*, 71 N. H. 448; *Boston & Maine R. R.* v. *Sargent*, ante, p. 455.

An heir takes through—not from—his ancestor; so the guar-

dian cannot maintain this proceeding on the strength of her ward's right as John's heir. *Kimball* v. *Eaton,* 8 N. H. 391; *Esty* v. *Long,* 41 N. H. 103 ; *Stevens* v. *Morse,* 47 N. H. 532. If the guardian has any right in behalf of her ward as a creditor, such interest is protected by the decree in favor of the administrator.

There was no error of law in overruling Sarah's motion for reinstatement as a judgment creditor and the guardian's motion for the assessment of her ward's damages. Whether or not justice required that these motions should be granted were questions of fact. Whether or not the deed was delivered was also a question of fact, so there was no legal error in the finding that it was delivered if there was evidence to support it. If a person intends to give his property to another and makes a deed in pursuance of that intention, the deed is delivered whenever it comes into the possession of the donee and is accepted by him. *Canning* v. *Pinkham,* 1 N. H. 353 ; *Warren* v. *Swett,* 31 N. H. 332, 340 ; *Cook* v. *Brown,* 34 N. H. 460. There was evidence that John made the deed intending to put his property into Kate's hands to defraud Sarah and her son, and that the deed came into Kate's possession and was accepted by her before John died.

The exceptions as to the admission of evidence were not argued and have not been considered.

*Exceptions overruled.*

All concurred.