Cheshire,
July 2, 1906.

## BRIGHAM, *Guardian, & a. v.* MADDEN, *Guardian.*

A mortgagee of chattels cannot, without the mortgagor's consent, apply the property in satisfaction of a claim against the mortgagor which is not included in the mortgage indebtedness.

The guardian of an incompetent person may maintain an action for the discharge of a mortgage given by his ward in fraud of creditors and covering property needed for the payment of debts.

BILL IN EQUITY, to compel the defendant to discharge a mortgage of personal property, given by Austin N. Kingsley to Charles C. Kingsley in April, 1904. Brigham is the guardian of Austin, and the defendant of Charles. Transferred from the October term, 1905, of the superior court by *Peaslee*, J., upon the defendant's exception to a decree ordering him to discharge the mortgage.

At the time the mortgage was executed neither of the parties thereto was under guardianship. Austin was then capable of making a contract, while Charles was not. Austin was largely indebted to various persons and had in his possession property of Charles amounting to about $4,000, but neither understood that

the mortgage was given as security for Austin's liability on that account. Charles had no purpose when he executed the affidavit on the mortgage, and Austin's sole purpose was to delay and defraud his creditors. Austin is insolvent, and the property covered by the mortgage is needed to pay his debts.

*Hosea W. Brigham* and *Cain & Benton*, for the plaintiffs.

*Joseph Madden* and *Charles H. Hersey*, for the defendant.

YOUNG, J. If Austin was indebted to Charles when the mortgage was made, the court has found the mortgage was not made to secure Charles against loss on that account. Consequently the latter's guardian cannot hold the property for that purpose; for when the mortgagee has a claim against the mortgagor that is not included in the mortgage indebtedness, he cannot apply the mortgaged property in satisfaction of it without the mortgagor's consent.

Notwithstanding Austin is estopped to deny the validity of this mortgage, his creditors are not, and Austin's guardian represents them in so far as the property is needed to pay his debts (*Cook* v. *Lee*, 72 N. H. 569, 571); and since the property is needed for that purpose, the order must be,

*Exception overruled.*

All concurred.