Belknap,
April 6, 1937.

JOSEPH E. BELISLE & a. v. HORACE E. BELISLE & a.

*Jewett & Jewett, Tilton & Tilton,* and *Robert V. Johnson (Mr. Johnson* orally), for the plaintiffs.

*Normandin & Normandin, Murchie, Murchie & Blandin,* and *Donald Knowlton (Mr. Fortunat A. Normandin* orally), for the defendant Horace E. Belisle.

WOODBURY, J. Due to the fact that the answers of the defendant administrator and of the defendant mortgagee have not been transferred, the transactions in which they are alleged to have been involved are not before us for consideration. It follows that our consideration is limited to the deed dated January 27, 1930, purporting to be from Zanase *alias* Athenase Belisle to the defendant Horace E. Belisle.

With respect to this deed the plaintiffs make two separate allegations. In the first place they contend that it cannot operate as a conveyance of the property at all because it was executed by a complete stranger to the title, and, in the second place, they contend that if it was a conveyance of the property then they are entitled to have it set aside because it was executed for the purpose of deceiving and defrauding the grantor's creditors.

The demurrer of the defendant "is regarded as an admission . . . of the truth of all material statements of fact contained in the bill which are well pleaded, but not of the inferences or conclusions of law which

the plaintiff has seen fit to incorporate therein." *Williams* v. *Mathewson*, 73 N. H. 242. It does not admit allegations which are not well pleaded (*Pearson* v. *Tower*, 55 N. H. 36, 38) and the allegation that the conveyance of January 27, 1930, was "made for the purpose of deceiving and defrauding creditors," being an allegation of fraud couched in general terms, is bad on demurrer. *Blood* v. *Company*, 68 N. H. 340; *Berlin &c. Ass'n* v. *Mayor &c. of Berlin*, 87 N. H. 80, 81, and cases cited.

This defect, however, might be cured by amendment under leave of the court. P. L., c. 334, s. 9; *Pearson* v. *Tower, supra; Stockwell* v. *Stockwell*, 72 N. H. 69. But, even if such an amendment should be offered and allowed, the plaintiff's position would not be improved.

Conveyances made for the purpose of defrauding creditors are not void; they are only voidable (*Stockwell* v. *Stockwell, supra; Hall* v. *Hall*, 70 N. H. 47, and cases cited) but they can be avoided only by creditors injured thereby (P. L., c. 361, s. 4), or, under certain circumstances, by the grantor's administrator acting in their behalf. *Cook* v. *Lee*, 72 N. H. 569, 570, 571, and cases cited. The parties to the fraudulent transaction, being *in pari delicto*, are left by the law in the position in which they have placed themselves (*Jones* v. *Bryant*, 13 N. H. 53; *Stevens* v. *Morse*, 47 N. H. 532; *Meredith* v. *Fullerton*, 83 N. H. 124, 134, and cases cited), and since "An heir takes through—not from—his ancestor," (*Cook* v. *Lee, supra*, 571) his position is not more favorable than that of his ancestor. *White* v. *Hunter*, 23 N. H. 128; *Upton* v. *Haines*, 55 N. H. 283.

The plaintiffs' bill does not properly aver that the deed of January 27, 1930, was not that of the record owner of the premises even though it was not executed by him but by one "who had no title to the said property whatsoever." Cyrille A. Belisle, the one who is alleged to have signed the record owner's name to that instrument, may have been acting as an authorized agent for that purpose (P. L., c. 213, s. 1) or he may have affixed the grantor's name in his presence and at his request. 18 C. J. 190. In either of these situations the deed would be that of the record owner and would be a valid conveyance of the property. Upon this ground the heirs may have the relief which they seek only by showing that the deed was a forgery and this has not been alleged. It follows that, as the bill stands, the order must be

*Demurrer sustained.*

All concurred.